# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE,<br><br>          Plaintiff,<br><br>    v.<br><br>CLARICH, et al.,<br><br>          Defendants. | CASE NO. 1:05-CV-01378-REC-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(Docs. 1 and 9) |

    Plaintiff Daniel Rowe ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 1, 2005. (Doc. 1.) On April 7, 2006, plaintiff filed a notice informing the court that his inmate appeal has been exhausted. (Doc. 9.) Included with the notice is a copy of the inmate appeal, which was denied at the Director's level of review on February 22, 2006. (Id.)

    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (citing to <u>Booth</u>, 532 U.S. at 739 n.5).  Exhaustion must occur *prior* to filing suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

"A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003).  In this instance, plaintiff did not exhaust his claim prior to filing suit.  For that reason, this action must be dismissed.  The dismissal shall be without prejudice to refiling.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice.  42 U.S.C. § 1997e(a); <u>Wyatt</u>, 315 F.3d at 1120.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 22, 2006**              /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE